ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 18 2003

LUTHER ____, Clerk
By: ____ Deputy Clerk

MICHAEL HARRIS
          Plaintiff

vs.

RESURGENS SURGICAL CENTER
          Defendant

1:03-CV-0721

-ODE

TITLE VII COMPLAINT

1. Plaintiff resides at 5 Ridge Run Apt G, Marietta, GA 30067

2. Defendant(s) names (s) Resurgens Surgical Center

Location of principal office(s) of the named defendant(s) 5671 Peachtree Dunwoody Rd. Ste 800 Atlanta, GA 30342

Nature of defendant(s) business Out Patient Surgery

Approximate number of individuals employed by defendant(s) OVER 5000 Employees

*Note: This is a form complaint provided by the Court for pro se litigants who wish to file an employment discrimination lawsuit. It is not intended to be used for other kinds of cases.

FORMS RECEIVED
Consent to US Mag. ✓
Pretrial Instructions ✓
Title VII NTC ✓
MH

/

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the court by 42 U.S.C. § 2000e-5. Equitable and other relief are also brought under 42 U.S.C. §e-5(g).

1. The acts complained of this suit concern:

   A. _____ Failure to employ me.
   B. __X__ Termination of my employment.
   C. __X__ Failure to promote me.
   D. _____ Other (Specifiy) _____

5. Plaintiff:

   A. _____ presently employed by the defendant.
   B. __X__ not presently employed by the defendant. The dates of plaintiff's employment were **9/27/96 - 4/02/02**
   The reasons plaintiff was given for termination of employment is/are:
   (1) _____ plaintiff was discharged.
   (2) _____ plaintiff was laid off.
   (3) __X__ plaintiff left the job voluntarily.

6. Defendant(s) conduct is discriminatory with respect to the following:

   A. __X__ my race
   B. _____ my religion.
   C. _____ my sex.
   D. _____ my national origin.
   E. _____ Other (specify) _____

-2-

7. The name(s), race, sex and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is/are:

LuANN BROWN - V.P. OF OPERATIONS

LYLA GILCHRIST - CENZER'S ADMINISTRATOR

8. Describe the discriminatory actions or events you are complaining of in this lawsuit. Give factual detail, including names and dates concerning what happened. You do not need to refer to any statutes or cite law.

PLEASE SEE Attached Summary OF discriminatory Actions.

_____
_____
_____
_____
_____
_____
_____
_____
_____

9.  The alleged illegal activity took place at _RESURGENS_ _SURGICAL CENTER_____

10. A.  __X__   I have filed a charge with the Equal Employment Opportunity Commission regarding defendant(s). (I have attached a copy of my charge(s) filed with the Equal Employment Opportunity Commission, which are incorporated into this complaint.

    B.  _____   I have not filed a charge.

11. A.  __X__   I received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission on _12-20-02_ (date). (I have attached a copy of the Notice of Right-to-Sue which is incorporated into this complaint.)

    B.  _____   I have not received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission.

12. State what relief you are seeking from the Court. If you are seeking a monetary award (back pay or damages), state the amount you are seeking. If you are seeking injunctive relief (an order by the Court) issued against the defendant(s) summarize what should be in the order.

Back Los. pay - $115,000.00
Front Future pay - $80,000.00
Punitive damages - $500,000.00
Compensatory damages - $975,000.00
Legal Expenses - $550.00 (subject to change.)

3.18.03
Date

Michael Harris
Signature of Plaintiff

Address: 5 Ridge Lun
S.E. Apt G, Marietta,
GA 30067
Telephone: 770.590.8229

*February 2002*

*February 20th*

After a very intense meeting (MOR call) and several months of frustration, due to an over-load of responsibilities and an overall lack of appreciation, I resigned my position of Office Manager. Kay Elliott (Resurgens Surgical Center Administrator) concerning my letter of resignation approached me. I expressed my concerns/reasoning with Ms. Elliot regarding why I wish to resign. She stated that she could get me an increase in pay based on my many job responsibilities. Ms. Elliot requested that I research salaries of Business Office Managers in the Atlanta area. I expressed again that it was more than just a money issue.

On the same day, I received a call from the VP of operations, LuAnn Brown. Ms. Elliott had informed Mrs. Brown of my letter of intent to resign. She was calling to see what were my concerns and why was I resigning. I informed her of my many job responsibilities, I advised her that I had never received a job evaluation, since being employed with Resurgens. Which I had previously requested and was promised to receive. I express the importance of upper management knowing what comes across my desk. Mrs. Brown agreed and promised to give me an evaluation. I also expressed how hard it was to gain control of our salaries and benefits, due to lack of management by Ms. Elliot; and how I was being held responsible for this area. I informed Mrs. Brown that it was difficult to control any of our concerns, if we do not have the support of the Administrator. I also expressed that I found it extremely difficult to express my concerns without ruining my other wise good relationship with Ms. Elliot and remain employed at the center. So, I felt that it might be best for me to move on in my career. Mrs. Brown informed me that she was invited to a meeting and that it was concerning Kay. She stated that without officially saying it, your problems will be solved and please reconsider. I informed LuAnn that I would think about this and get back with her as soon as possible. LuAnn asked me not to leak this information out or else she would be very upset with me. I informed LuAnn that she had my word, we ended our conversation on that note!

*February 22, 2002*

LuAnn Brown (VP) asked Louise Bullock (CFO) to speak with me concerning my letter of resignation.

\*Note
**Louise Bullock (CFO) and I are very close; Luann used this relationship to get me to rescind my letter of resignation.**

\*Note II
**On the week of February 24th I received e-mail from Dr. Woodfin (Medical Director) requesting to meet with me concerning my letter of resignation. I met with Dr. Woodfin and he also expressed concerns of my leaving.**

Two people that I respect and admire informed me that a change for the better would occur soon. Dr. Woodfin also stated that this change was going to happen and that he is not going to ask me to rescind my resignation. He believed that the change would convenience me to stay with the center. Louise also informed me about the meeting, stating that every doctor agrees that Kay's time was up and that she was a weak leader. Louise also stated that the doctors agreed they wanted me to remain with the company.

Based on this, I rescinded my letter of resignation. I e-mailed LuAnn Brown (VP) and requested that we speak. On February 27th, I spoke with Mrs. Brown, I informed LuAnn Brown (VP) that I have spoken to Dr. Woodfin (Medical Director) and Louise Bullock (CFO) and based our conversations I was rescinding my letter of resignation. LuAnn Brown (VP) was pleased and we both agreed that a job evaluation would soon be in order. I wanted Mrs. Brown to see what my job responsibilities truly were and hopefully I would be justly compensated. As well as seeing some much needed changes to occur within the center.

*February 28, 2002*

I received a visit from Matt Pate (Director of Operations, Dallas, TX). Matt Pate stated that maybe I should reconsider rescinding my letter of resignation. Matt stated that he was not asking me too, but just said to think about it. Matt stated that he did not feel that a change in power would please me and that he understands that I am loyal to Dr. Woodfin, but I should think about myself. I informed him of the history of the center and assured him that the change in power would make a great difference in the business. I found this conversation to be strange and immediately spoke to Louise Bullock about it. I informed her that I rescinded my resignation. She also felt that his statements were strange, but assured me that everything was ok. I disregarded Matt Pate's conversation after reflecting on the feeling I received from everyone in the center (Mrs. Brown, Dr.Woodfin, and Mrs. Bullock)

*March 2002*

**\*Note: (E-mail #5)-Shows a positive relationship with Luann Brown in the beginning of March**

**\*Note: Daily planner showing active planning for the center, I continued to effectively perform job duties.**

**March 4, 2002**

Luann Brown is slowly transferring Kay's responsibilities to me.

**\*E-mail 7, shows responsibilities being transferred to me)**

**March 5, 2002**

Received a called from Luann Brown, informing me that Kay's termination date is set for March 6,2002.

*(E-mailed #7 showing Luann Brown stating how pivotal this week was and how I am needed at the center)*

*March 6, 2002*

Received page from LuAnn late afternoon, return page from home phone. LuAnn stated that she would have to postpone the termination. LuAnn informed me that she has been in meetings all afternoon. I informed LuAnn that today was Kay's birthday and that I had called her that afternoon to inform her of this. LuAnn was relieved that the termination did not take place that day.

*March 7, 2002*

Kay Elliott was terminated.

LuAnn came into my office and requested for me to process Kay Elliott's termination paperwork. I was instructed to keep Kay on the payroll until the end of June. LuAnn also requested that I make sure that I process Kay's paperwork for the cobra insurance. LuAnn stated that once her insurance went into cobra status, Kay would pay the monthly fee and submit proof of payment to LuAnn. At LuAnn approval the company would then reimburse Kay for the payment towards the cobra insurance.

*March 8, 2002*

Discovered that Kay Elliott's nephew removed files on March 5, 2002. Informed Dr. Gleason (Asst. Medical Director), LuAnn Brown (VP), and Louise Bullock (CFO) of missing file. I found this action to be strange. I spoke with Marie Phillips concerning the missing files, Marie Phillips stated that Kay's nephew

removed the files on March 5th, stating that he would be entering these files on disk. Again, I found this to be strange. This department was under my management and I was unaware of any project of removing files to be entered on disk. Everyone I advised agreed this was not appropriate, Dr Gleason instructed me to send out an e-mail concerning these missing files. The e-mail would be sent to Dr. Gleason, Louise Bullock, and Dr. Wood fin, informing them of the missing A/P files. I informed Dr. Gleason that I made LuAnn aware of this matter and wanted to give her a chance to take action. I just wanted to inform the doctors per my job description of any major incidents. Dr. Gleason agreed to my request.

*March 11, 2002*

Received e-mail from Richard Schaefer concerning past due inter company invoices.
**\*Note: This job function is handle by the administrator, being that the administrator had not been replaced the responsibility fell on me. This was my first encounter with processing these inter company invoices. (\*E-mail # 3 shows my efforts in resolving this error)**

*March 13, 2002*

Received follow-up e-mail from Luann Brown (VP). LuAnn follows up on the processing of Kay's cobra insurance.
*(\*E-mail #24)*

*March 15, 2002*

**\*Please note:**
**E-mail number #'s 1 and 2 supports that my relationship is still positive with LuAnn Brown**

*March 15, 2002*
*Continue*

E-mailed Marie and Luann, following up on missing invoices
*(\*E-mail #8)*

*March 18, 2002*

Sent out e-mail concerning error in billing of inter company invoice. Sent out corrective e-mail stating an error in figuring out true balance of inter company invoice. Via e-mail I expressed to all parties involved that an error still existed in the balance. I then e-mailed Richard asking what months did he show pending? Richard advised that November of 2001 and February of 2002 was showing as past due. I then requested the inter company invoice file from the A/P department. I could not locate November's invoice in the company file, so I then ran a report out of our oracle accounts payable system, to see if a check was cut for this particular month. No check had been cut for November's invoice. Per my request Richard sent me a copy of the November file via e-mail. Marie Phillips forwarded me a copy of February's invoice. These two invoices did not total $239,000.00.

On this day, per the request of Dr. Gleason (Assistant Medical Director) I sent out e-mail alerting Dr. Woodfin (Medical Director), Luann Brown (VP), and Louise Bullock (CFO) of the missing A/P files. I advised all parties that I just wanted to keep a paper trial, concerning these missing files.

*March 18, 2002*
*continues*

Received response for Dr. Woodfin, informing me that I was correct in informing all parties involved, but he was sure that these files were safe and to keep him abreast. I approached LuAnn concerning the e-mail I

sent out on the missing A/P files. I asked LuAnn if she read my e-mail regarding the missing files. LuAnn Brown informed me that she had not been back to her office. Therefore, she has not read any of her e-mails since this morning. I informed LuAnn Brown of the e-mailed on the missing A/P files, she agreed that this action was the smart thing to do her words were, " Yeah, that will help cover our butts." LuAnn also stated that she will be announcing and introducing the new administrator. I was very disappointed when I heard the comment. I was overlook for the position; this position was not posted in the center. According to the handbook of USPI, under Promotion policy it states that, whenever a position becomes available, every effort will be made to fill it by promoting a qualified employee. Jobs will be awarded based on individual ability and past job performance, as well as length of service if two people have similar qualifications. By utilizing all opportunities for education and performing your job excellently, you may become qualified to fill a position of greater skill, responsibility and value at USPI. USPI will always continue to look outside the company for potential employees as well.

I find out later that Mrs. Brown actually hired a previous employee and personal friend, which she had been acquainted with for roughly ten years. Though all of this, I still had faith on the promise of a job evaluation.

**(*E-mail's # 2, 7, 11, 12, 13, 14, 15, 16, 17, 18 and 31-35)- shows Kay and I being e-mailed on the same subjects. These e-mails also show myself handling administrators job functions, until the new administrator starts. All Kay's calls were transferred to my line, per LuAnn Brown's request.
*Showing being discriminated against and not considered for promotion, I felt that I was discriminated against under Title VII of the Civil rights act of 1964:**

**1. Protected Class**

**2. Were you qualified for the position in question- either to be hired for this job, or for a promotion, or not have been fired from your job? (Please see attached e-mails 1-36, showing qualifications for administrator position in question)**

**3. Did you suffer adverse employment decision- such as not being hired or promoted, or were you fired. (terminated on 04/02/02)**

**4. Did the situation occur under circumstances that could be interpreted as a discriminatory action- example: was the company's "reason" (corrective action form) for doing what it did untrue and was the job given to someone substantially old, or of a different sex, race, or religion, or someone who lacked your particular physical disability. (Please refer to meeting dated 04/02/02 concerning corrective action form and supporting documents, proving corrective action form to be untrue)**

*March 19, 2002*

Received e-mail from LuAnn Brown (VP) stating that my e-mail concerning the missing files was inappropriate.
*(*E-mail #6) (*E-mail #9)- shows my response to Luann Brown's e-mail.*
*\*Note:*
*Luann Brown only carbon copied the new administrator, Luann did not included any of the parties e-mailed in the original e-mail.  (*E-mail #6)*

I received an e-mail stating that I should solve this matter internally before dragging in Richard (senior accountant) and Louise Bullock (CFO). LuAnn e-mailed the instructions on how to process invoice. I sent e-mail back to Luann informing her that I understood how to process the invoices and that was not the issue.
*(*E-mail #4)- showing Luann's e-mail, concerning my dragging Louise and Richard into the processing of the inter company invoice.*

*March 20, 2002*

Luann introduces new administrator to the center

*March 21, 2002*

I requested again from LuAnn Brown (VP) and included Tyla Gilchrist a job evaluation and to get a clear understanding of my job functions.

(*E-mail #6)

*March 21, 2002*

In attempting to complete the past due invoices, I e-mailed LuAnn concerning the e-mail on resolving the issue internally. I e-mailed LuAnn informing her that Richard contacted me, I expressed that I thought it would be impossible for me to resolve this matter without contacting Richard. I also requested LuAnn to explain who she considered to be internal and external employees. No response from LuAnn concerning this e-mail.

Since November's invoice had clearly not been processed it was the oldest invoice pending; I released payment for the paying of November's invoice. I continued to wait for instruction on how LuAnn would like for me to handle to remaining balance due, requested by Richard on March 11, 2002.

*March 21, 2002*

Provided contact numbers to new administrator
(*e-mail # 19)

*Note:
**This e-mail also contradicts item number II on corrective action detail form, prepared by LuAnn Brown and Tyla Gilchrist.**

I requested Tyla's salary for the processing of payroll; LuAnn advised me Tyla would receive $80,000.00 annually.
(*e-mail #20)

**Salaries analysis:**

### White female managers vs. Black male managers

| **White Female Managers** | **Black Male Managers** |
|---|---|
| **New administrator:** | **Business Office Manager** |
| Tyla Gilchrist | Michael Harris |
| Years of service: 0 years | Years of service: 6 years |
| Salary: $80, 000.00 | Salary: $45, 000.00 |
| | |
| **Previous administrator:** | |
| Kay Elliott | |
| Years of service: 6 years | |
| Salary: $80, 000.00 | |

**Nursing Manger:**
Nancy McGuire
Salary: $55, 000.00
Years of service: 5 years

| **P.A.C.U. Coordinator:** | **Central Coordinator** |
|---|---|
| Teresa Maddox | Danny Hall |
| Salary: 54, 000.00 | Salary: $44, 000.00 |
| Years of service: 5 years | Years of service: 10 years |

*March 25, 2002*

Requested permission to process 40 hours of salary pay for Tyla Gilchrist. Even though Tyla had not actually worked 40 hours. She was sent to Dallas prior to her start date. I felt that this action was only fair.

**(*e-mail- #21) I believe that this e-mail shows my willingness to be of assistance and available to the new administrator.**

*March 25, 2002*
*Continued*

Provided new Administrator with pass codes.

**(*e-mail #22 and 23)  This e-mail also contradicts item I of two of the correction detail action form, Dated 04/02/02.**

*March 26, 2002*
*Tyla Gilchrist (administrator) was e-mailed by corporate and Tyla being unable to answer question, Mrs. Gilchrist passing e-mail to me*

*March 27, 2002*
 *\*e-mail 25 shows assisting administrator during transition, this e-mail also contradicts item I of the corrective action detail form, 04/02/02.*

*March 28, 2002*
Received e-mail from LuAnn calling A/P meeting, meeting scheduled for March 29, 2002.
(\*e-mail #26)

*March 29, 2002*

Meeting held in Tyla Gilchrist office, concerning A/P. in attendance was Marie Phillips, Tyla Gilchrist, LuAnn Brown, and myself. LuAnn questioned me about the past due inter company invoice. LuAnn was very upset with me; due to the fact of February's invoice had not yet been processed.  I reminded LuAnn about the e-mail I sent out, I informed her that I never received an answer to my question concerning the internal and external e-mail. I informed LuAnn that I only had documentation supporting that November 2001 showed non-payment to Dallas; I release payment for November's invoice. I could not resolve the second part of the project with out contacting Richard (senior accountant). I informed LuAnn that I had sent an e-mail to her concerning this issue. She then stated that she could not understand any of my e-mails. LuAnn instructed Marie Phillips to pay the in hand invoice for February and dismissed Marie Phillips from the meeting. LuAnn requested that I stay behind, again I was questioned as to why I did not process the inter company invoice and then I was chastised for informing Louise Bullock (CFO) of matter. I became extremely emotional and asked if I could be dismissed. LuAnn granted my request and dismissed me from the meeting,

*Note:
LuAnn was upset that I informed Louise Bullock of the overstated inter company invoice in the amount of $57,000.00- Please note Louise is the CFO she signs all checks. I believe LuAnn is trying to create a paper trail, attempting to demonstrate my inabilities. The end of the first quarter was coming about and it was time for Physician distributions, my department was already pushing hard for a high collection month for this reason. An extra $57,000.00 would hurt distributions. Luann is now trying to create a paper trial!  *Fired for whistle blowing*

*March 31, 2002*

Perform the month end close out, e-mailed Tyla informing her that I had open April's billing period and that March billing period was closed. I also informed Tyla that I would be taking off tomorrow, April 1,2002 due to my working on my two scheduled days off. (*e-mail # 27)

*April 2002*

*April 1, 2002*

*Out of the office*

*April 02, 2002*

I called Tyla and left a message on her voice mail that I would be out of the office and that I will see her tomorrow (4/3/02). I also left home number and cell phone number in case she needed to contact me. Received a call back from Tyla requesting that I come in and meet with her and Luann at 2pm. I agreed to meet with them at the time requested.

Meet with LuAnn and Tyla, at 2pm that day. LuAnn and Tyla had prepared a corrective action detail form. (*Please see copy of attached correction action detail form)

*Item 1*
*Response:*
Please see e-mail #4 concerning the process of the inter company invoice.

*Item 2:*
*Response*: I have been employed with Resurgens Surgical Center for six years and have never been warned about my attendance. LuAnn stated that she was basing my attendance on the first two weeks of the transitioning the new administrator.

Tyla Gilchrist's start date 03.21.02
*E-mail # 19, shows making myself available to the new administrator

03.25.02
*E-mail # 21, *shows processing payroll*
03.25.02
* E-mail # 22, *shows entering the new administrator into the center's system*
03.26.02

\*E-mail # 23, shows myself providing long distance code to New Administrator.

*Item 3:*
*Response*: I requested March 28 and 29th off due to my birthday, LuAnn stated that these days were approved with the previous administrator and not with the current administrator. I informed LuAnn that I informed Tyla of my scheduled days off and she did not express any concerns. I ended up working on my two scheduled days off and I also worked on Sunday. (\*E-mail #27- Shows closing out the month of March and informing Tyla Gilchrist). LuAnn stated as far as she was concerned these days were unapproved.

*Item 4:*
*Response*: Example 1, referring to scheduled days off (see response to item 3)
Example 2, I was instructed by the Assist Medical Director to send out an e-mail on the missing A/P files. LuAnn was the only employee in upper management that had a problem with the alarming of the A/P files. LuAnn kept her true feelings concerning the alarming of the missing A/P files and only expressed them to myself and Tyla Gilchrist (Administrator). LuAnn chastised me for the alarming of the appropriate persons. (Please see\*E-mail #4)

In this meeting I was insulted and informed by LuAnn Brown that I did not know my job and that she thinks that I functioned well as a collector and not as a Business Office Manager. LuAnn also stated that it was **bullshit** that I felt that it was the responsibility of upper management to get all information from the previous administrator on existing employed employees (i.e., information such as scheduled days off).

Based on the fact that I could prove each and every item as being untrue, I refused to sign the prepared corrective action detail form. I informed LuAnn that it was not fair to receive a write-up before every receiving a warning. Especially, since I have been requesting a job evaluation, since February. Based on the fact that I refused to sign this form, LuAnn Brown suspended me for three days, requesting that I respond to each item in writing. I excepted the write-up from LuAnn Brown and was dismissed from the meeting. Received a page later that evening at 7pm from LuAnn Brown, she informed me that she was accepting my original resignation submitted back in February and that she would pay me up until the 15th of April. LuAnn Brown ended our conversation. This was the last time I heard from LuAnn. Brown.

**April 2, 2002**
**Continues**

Later on that I evening I call Louise Bullock at the office. I informed Louise of the page and my conversation with LuAnn. Louise could not believe my statements, she stated that she will call me back. Louise wanted to speak with a physician, concerning LuAnn's actions. Louise called me back on my cell phone, she stated that LuAnn had mentioned the matter concerning me to Dr. Gleason.
He advised Louise that she would have to talk to Dr. Woodfin. Louise stated that she is going to page Dr. Woodfin concerning Mrs. Brown's action. Louise called me back and stated that Dr. Woodfin knew nothing of this action and stated he "this is not the way we handle business." Louise informed me that Dr. Woodfin would look into the matter.

**April 8, 2002**

I called Tyla Gilchrist and requested that she ask LuAnn for the maximum amount of a severance package. Since the Company ask me to rescind my resignation, Tyla stated that she doubts she will approve any more funds. Tyla nor LuAnn Brown returned my call concerning a severance package

EEOC Form 161 (10/96)   U.    ̴AL EMPLOYMENT OPPORTUNITY C̴   ̴ON

## DISMISSAL AND NOTICE OF RIGHTS

| To: Michael Harris<br>1118 Windcliff Dr.<br>Marietta, GA 30067 | From: U.S. Equal Employment Opportunity Commission<br>Atlanta District Office<br>100 Alabama Street. SW, Suite 4R30<br>Atlanta, Georgia 30303 |
|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 110-A20-3847 | Richard Strouse, Investigator | 404/ 562-6831 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not **be collectible.**

On behalf of the Commission

_____   12/20/02
Bernice Williams-Kimbrough, Director     *(Date Mailed)*
Atlanta District Office

Enclosure(s)

cc:   Resurgens Surgical Center

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | PE.  ING CHARGE<br>Harris, Michael |
| Sherry Reinert<br>Hr Manager<br>United Surgical Partners Int.<br>15305 Dallas Way<br>Ste, 1600 - Lb28<br>Addison, TX 75001 | THIS PERSON (check one)<br>[X] CLAIMS TO BE AGGRIEVED<br>[ ] IS FILING ON BEHALF OF ANOTHER<br>DATE OF ALLEGED VIOLATION<br>Earliest         Most Recent<br>                 04/02/2002<br>PLACE OF ALLEGED VIOLATION<br>Atlanta, GA<br>CHARGE NUMBER<br>110A203847 |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See EEOC "Rules and Regulations" before completing this Form)*

You are hereby notified that a charge of employment discrimination has been filed against your organization under:

[X] **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

[ ] **THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967**

[ ] **THE AMERICANS WITH DISABILITIES ACT**

[ ] **THE EQUAL PAY ACT (29 U.S.C, SECT. 206(d))** investigation will be conducted concurrently with our investigation of this charge.

The boxes checked below apply to your organization:

1. [ ] No action is required on your part at this time.
2. [X] Please submit by 09/14/02 a statement of your position with respect to the allegation(s) contained in this charge, with copies of any supporting documentation. This material will be made a part of the file and will be considered at the time that we investigate this charge. Your prompt response to this request will make it easier to conduct and conclude our investigation of this charge.
3. [X] EEOC has instituted a Mediation program which provides parties with an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please indicate that desire on the enclosed form and respond by 08/30/02 to _____. If you **DO NOT** wish to participate in Mediation, you must submit a statement of your position to the Commission Representative listed below, by the above date.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

Atlanta District Office
100 Alabama St. S.W.
Suite 4R30
Atlanta, Georgia 30303

Norma Barnes, Mediator
*(Commission Representative)*
(404) 562-3847
*(Telephone Number)*

[X] Enclosure: Copy of Charge

**BASIS OF DISCRIMINATION**

[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NAT. ORIGIN  [ ] AGE  [ ] DISABILITY  [ ] RETALIATION  [ ] OTHER

**CIRCUMSTANCES OF ALLEGED VIOLATION**

See enclosed Form 5, Charge of Discrimination.

| DATE | TYPED NAME/TITLE OF AUTHORIZED EEOC OFFICIAL | SIGNATURE |
|---|---|---|
| 08/15/2002 | Bernice Williams-Kimbrough<br>Director | D. Humes (for) |

EEOC FORM 131-ADR (Test 02/00)

**FILE COPY**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA  ☒ EEOC | 110A203847 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Michael Harris | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1118 Windcliff Dr. | Marietta, GA 30067 | 03/29/1971 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Resurgens Surgical Center | Cat C (201-500) | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5671 Peachtree Dunwoody Rd. | Atlanta, GA 30342 | 121 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST _____  LATEST 04/02/2002
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

On April 2, 2002, I was discharged from the position of Business Office Manager, and also denied a severance package. I had worked for the outpatient surgery center since 1996.

LuAnn Brown, Vice President - Operations, discharged me allegedly for unsatisfactory performance. I was not given a reason for denial of the severance package.

I believe that I was discriminated against based on my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

**RECEIVED**

AUG 0 5 2002

**EEOC-ATDO**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

x 8.5.02   x _____
Date         Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)                              FILE COPY

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 110A203847 |

_____ and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Michael Harris | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1118 Windcliff Dr. | Marietta, GA 30067 | 03/29/1971 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Resurgens Surgical Center | Cat C (201-500) | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5671 Peachtree Dunwoody Rd. | Atlanta, GA 30342 | 121 |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST             LATEST
                     04/02/2002
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

On April 2, 2002, I was discharged from the position of Business Office Manager, and also denied a severance package. I had worked for the outpatient surgery center since 1996.

LuAnn Brown, Vice President - Operations, discharged me allegedly for unsatisfactory performance. I was not given a reason for denial of the severance package.

I believe that I was discriminated against based on my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED
AUG 05 2002
EEOC-ATDO

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 8-5-02  Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year)

EEOC FORM 5 (Rev. 07/99)

FILE COPY

| CHARGE DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Michael Harris | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1118 Woodcliff Dr. Marietta, GA 30067 | | 03/29/1971 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Resurgens Surgical Center | Cat C (201-500) | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 5671 Peachtree Dunwoody Rd. Atlanta, GA 30342 | | 121 |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))* | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)* | EARLIEST           LATEST<br>                        04/02/2002<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

On April 2, 2002, I was discharged from the position of Business Office Manager, and also denied a severance package. I had worked for the outpatient surgery center since 1996.

LuAnn Brown, Vice President - Operations, discharged me allegedly for unsatisfactory performance. I was not given a reason for denial of the severance package.

I believe that I was discriminated against based on my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| X                    X<br>Date          Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Month, day and year) |

EEOC FORM 5 (Rev. 07/99)                                              FILE COPY

| | |
|---|---|
| STATE OF **GEORGIA** | CASE N. **Harris vs Resurgens** |
| CITY/COUNTY OF **Marietta/Cobb** | CASE NUMBER |

*Nots*
~~AFFIDAVIT~~

I, **Michael Harris** (Name) being first duly sworn upon my oath affirm and hereby say:

I have been given assurances by an Agent of the U.S. Equal Employment Opportunity Commission that this Affidavit will be considered confidential by the United States Government and will not be disclosed as long as the case remains open unless it becomes necessary for the Government to produce the affidavit in a formal proceeding. Upon the closing of this case, the Affidavit may be subject to disclosure in accordance with Agency policy.

I am **31** years of age, my gender is **Male** (sex) and my racial identity is **Black** (race).

I reside at **1118 Windcliff Dr** (Number/Street),

City of **Marietta**, County of **Cobb**,

State of **GA**, Zip Code **30067**.

My telephone number is (including area code) _____.

My statement concerns **Resurgens Surgical Center** (Name of Union/Company/Agency) which is

located at **5671 Peachtree Dunwoody Rd** (Number/Street),

in **Atlanta** (City) **GA** (State) **30342** (Zip).

My job classification is (if applicable) _____ (job title).

My immediate supervisor is (if applicable) _____ (Name) _____ (job title).

On April 2, 2002, I was discharged from the position of Business Office Manager, and also denied a severance package.  I had worked for the outpatient surgery center since 1996.

LuAnn Brown, Vice President - Operations, discharged me allegedly for unsatisfactory performance.  I was not given a reason for denial of the severance package.

I believe that I was discriminated against based on my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Main points of charge: I had worked for the company since 1996, and did not have any prior reprimands or warnings.  I believe that VP LuAnn Brown discharged me to justify not promoting me to Administrator in March 2002.  Kay Elliott (White), had been discharged as Administrator for performance reasons in 2002.  VP Brown hired White female Tyla Gilcrist from the outside, and did not even interview me for the Administrator job.  Shortly thereafter in April 2002, I was discharged and given a write-up on the same day.  I was replaced by a White female hired from the outside.  Also, Kay Elliott was given a severance package

_____ Page 1 of _____
(initials)

EEOC AFF-A (08/89)

| STATE OF GEORGIA | CASE NA. Harris vs Resurgens |
| CITY/COUNTY OF Marietta/Cobb | CASE NUMBER |

~~AFFIDAVIT~~ Notes (cont.)

when she was discharged, while I was not.

I have read and had an opportunity to correct this Affidavit consisting of _____ handwritten ☐ typed ☐ pages and swear that these facts are true and correct to the best of my knowledge and belief.

_____

Subscribed and sworn to before me

this _____ day of _____ .

_____

EEOC AFF-B (08/89)